## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIM CARTER, ASHLEY GENNOCK, KENNETH HARRISON, JENNA KASKORKIS, and DANIEL STYSLINGER, individually, and on behalf of all others similarly situated, | ) ) ) ) ) ) |
| Plaintiffs, | ) Case No. 2:16-cv-00633-MRH ) |
| v. | ) ) |
| GENERAL NUTRITION CENTERS, INC., and GNC HOLDINGS, INC., | ) ) ) |
| Defendants. | ) ) |

## ORDER GRANTING PRELIMINARY
## APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiffs have filed a Motion for Preliminary Approval of Class Action Settlement ("Motion"). Having reviewed the Motion and supporting materials, the Court determines and orders as follows:

A.  Counsel have advised the Court that the Parties have agreed, subject to final approval by this Court following notice to the proposed Settlement Class and a hearing, to settle this Action on the terms and conditions set forth in the Settlement Agreement and Release of Claims (the "Agreement").

B.  The Court has reviewed the Agreement, as well as the files, records, and proceedings to date in this matter. The terms of the Agreement are hereby incorporated as though fully set forth in this Order. Capitalized terms shall have the meanings attributed to them in the Agreement.

C.  Based upon preliminary examination, it appears to the Court that the Agreement is sufficiently fair, reasonable, and adequate to warrant notice to the proposed Settlement Class; that the Settlement Class is likely to be certified for settlement purposes; and that the Court should hold a

1

hearing after notice to the Settlement Class to determine whether to certify the Settlement Class and enter a Settlement Order and Final Judgment in this action, based upon that Agreement.

Based upon the foregoing, the Court finds and concludes as follows:

1.     **Preliminary Approval of Proposed Settlement**. The Agreement, including all exhibits thereto, is preliminarily approved as fair, reasonable and adequate. The Court finds that (a) the Agreement resulted from extensive arm's-length negotiations, with participation of an experienced mediator, and (b) the Agreement is sufficient to warrant notice thereof to members of the proposed Settlement Class and the Fairness Hearing described below.

2.     **The Court is Likely to Grant Class Certification for Settlement Purposes Only**.

(a)     Pursuant to Fed. R. Civ. P. 23(b)(3) and (e)(1)(B), the Court finds that it is likely to certify, for settlement purposes only, the following Settlement Class:

> All persons and entities who, from January 1, 2012, through and including the date of Preliminary Approval of the Settlement Agreement (the "Class Period") purchased any product on sale or through a promotion from GNC's website at www.GNC.com.

The Settlement Class will not include Defendants, any affiliate, parent, or direct or indirect subsidiary, or any entity that has a controlling interest therein, or their current or former directors, officers, managers, employees, partners, advisors, counsel, and their immediate families. The Settlement Class also will not include any persons who validly request exclusion from the Settlement Class.

(b)     The Court makes the following preliminary findings:

(1)     The proposed Settlement Class likely satisfies Fed. R. Civ. P. 23(a)(1) because the Settlement Class appears to be so numerous that joinder of all members is impracticable;

(2)     The proposed Settlement Class likely satisfies Fed. R. Civ. P. 23(a)(2) because there appear to be questions of law or fact common to the Settlement Class;

2

(3)      The proposed Settlement Class likely satisfies Fed. R. Civ. P. 23(a)(3) because the claims of the Representative Plaintiffs named in the caption appear to be typical of the claims being resolved through the proposed settlement;

(4)      The proposed Settlement Class likely satisfies Fed. R. Civ. P. 23(a)(4) because the Representative Plaintiffs appear to be capable of fairly and adequately protecting the interests of the above-described Settlement Class in connection with the proposed settlement and because counsel representing the Settlement Class are qualified, competent, and capable of prosecuting this action on behalf of the Settlement Class.

(5)      The proposed Settlement Class likely satisfies the requirements of Fed. R. Civ. P. 23(b)(3) because, for purposes of settlement approval and administration, common questions of law and fact appear to predominate over questions affecting only individual Settlement Class Members and because settlement with the above-described Settlement Class appears to be superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class. The Settlement Class appears to be sufficiently cohesive to warrant settlement by representation.

(c)      At or after the Fairness Hearing, the Court will make a final determination under Rule 23(e)(2) as to whether to exercise its discretion to certify a settlement class, and whether to formally appoint the proposed Class Representatives and proposed Class Counsel.

3.      *Representative Plaintiffs*. For settlement purposes only, the Court is likely to appoint Plaintiffs Kim Carter, Ashley Gennock, Kenneth Harrison, Jenna Kaskorkis, and Daniel Styslinger as Representative Plaintiffs pursuant to Rule 23 of the Federal Rules of Civil Procedure, and will likely find that, for settlement purposes only, Representative Plaintiffs have and will fairly and adequately protect the interests of the Settlement Class.

3

4.     Class Counsel. For settlement purposes only, the Court is likely to appoint Ahdoot &
Wolfson, PC, Finkelstein & Krinsk LLP, Mansour & Sucui PLLC, Carlson Lynch , LLP, and Nathan
& Associates, APC as counsel for the Settlement Class ("Class Counsel"). For purposes of these
settlement approval proceedings, the Court will likely find that Class Counsel are competent and
capable of exercising their responsibilities as Class Counsel.

5.     ***Settlement Administrator***. The Court appoints Angeion Group as the Settlement
Administrator, which shall fulfill the Settlement Administration functions, duties, and responsibilities
of the Settlement Administrator as set forth in the Agreement and this Order.

6.     ***Fairness Hearing***. A final approval hearing (the "Fairness Hearing") shall be held
before this Court on December 19, 2019 at 2:00 p.m., to determine whether the Agreement is fair,
reasonable, and adequate and should be given final approval, and whether the Settlement Class should
be certified. Papers in support of final approval of the Agreement and proposed Class Counsel's
application for an award of attorneys' fees and expenses (the "Fee Application"), and for Service
Payments to the proposed Representative Plaintiffs (the "Service Payment Application") shall be filed
with the Court according to the schedule set forth in Paragraphs 14 and 15, below. The Court may
postpone, adjourn, or continue the Fairness Hearing without further notice to the Settlement Class.
After the Fairness Hearing, the Court may enter a Class Certification Order, Settlement Order and
Final Judgment in accordance with the Agreement (the "Final Judgment"), which will adjudicate the
rights of the Settlement Class Members with respect to the claims being settled.

7.     ***Class Notice***. The Court approves the form and content of the notices substantially in
the forms attached as Exhibits B and E to the Agreement. Defendants shall comply with the notice
requirements of Section VII of the Agreement. In compliance with that Section, beginning no later
than fourteen (14) days after entry of this Order, Defendants shall cause notice to be delivered in the
manner set forth in the Agreement to all proposed Settlement Class Members who can be identified

4

with reasonable effort. Class Notices sent by U.S. Mail or email shall be substantially in the form attached as Exhibit E to the Agreement, and a notice substantially in the form attached as Exhibit B to the Agreement shall be posted at a website, the Internet address for which shall be disclosed in the notices transmitted by U.S. Mail and email.

8.      *Filing of CAFA Notice.* Before the Fairness Hearing, Defendants shall cause to be filed with the Court proof of compliance with the notice provisions of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

9.      *Findings Concerning Class Notice*. The Court finds that the Class Notice and the manner of its dissemination described in Paragraph 7 above and Section VII of the Agreement constitutes the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise proposed Settlement Class Members of the pendency of this action, the terms of the Agreement, and their right to object to or exclude themselves from the proposed Settlement Class. The Court finds that the notice is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to receive notice, and that it meets the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and any other applicable laws.

10.     *Exclusion from Settlement Class*. Each proposed Settlement Class Member who wishes to exclude himself or herself from the Settlement Class and follows the procedures set forth in this Paragraph shall be excluded. Any potential member of the Settlement Class may, prior to the Opt-Out and Objection Deadline sign and mail a notice of intention to opt out of the Settlement to the Settlement Administrator (in no particular format, but which contains the potential Settlement Class Member's name, address, and telephone number and the words "opt out," "exclusion," or words to that effect clearly indicating an intent not to participate in the Settlement), at the address set forth in the Class Notice. All such written requests must be postmarked by seventy-five (75) days after the entry of this Order. All persons who properly request exclusion from the Settlement Class shall not be

5

Settlement Class Members and shall have no rights with respect to, nor be bound by, the Agreement, should it be finally approved. The names of all such excluded individuals shall be attached as an exhibit to any Final Judgment.

11.     ***Right to Abrogate Agreement.*** In the event more than a previously-agreed number of Settlement Class Members to whom Defendants transmit notice timely exclude themselves from the Settlement Class, Defendants shall have the unilateral right to abrogate the Agreement by written notice of abrogation to Class Counsel in accordance with the procedures set forth in the Agreement. If Defendants exercise its right to abrogate the Agreement, then all aspects of the Agreement and the settlement underlying it, including but not limited to the agreement not to oppose certification of the Settlement Class for settlement purposes only, shall be altogether null and void, and no aspect of the Agreement, the settlement, or this Order shall serve as legal precedent or as any basis for legal or factual argument in this or any other case.

12.     ***Claims Procedures***. The Court approves the claims procedures set forth in the Agreement. The Court approves the form and content of the Claim Form substantially in the form attached as Exhibit A to the Agreement. A properly executed Claim Form must be submitted as required in the Class Notice over the Internet or postmarked no later than seventy- five (75) days after entry of this Order. Such deadline may be further extended by Court Order. Each Claim Form shall be deemed to have been submitted when submitted over the Internet or postmarked (if properly addressed and mailed by first-class mail, postage prepaid), provided such Claim Form is actually received no later than seventy-five (75) days after entry of this Order. Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated on the Claim Form.

13.     ***Costs of Class Notice and Claims Processing.*** Defendants shall bear all costs of notice to the Settlement Class of the pendency and settlement of the Action and of processing claims.

6

14. ***Objections and Appearances.***

     (a)   ***Written Objections.*** Any proposed Settlement Class Member who has not timely submitted a written request for exclusion from the Settlement Class, and thus is a likely Settlement Class Member at the time of the Fairness Hearing, may object to the fairness, reasonableness, or adequacy of the Agreement, the Fee Application and Service Payment Application. Any Settlement Class Member who wishes to object to the Settlement, must file his or her objection with the Court (together with any briefs, papers, statements, or other materials that the Settlement Class Member wishes the Court to consider) and serve the objection on proposed Class Counsel and GNC's Counsel at the addresses specified in the Class Notice, postmarked no later than November 23, 2019, e.g. within seventy-five (75) days after entry of this Order. The objection must be personally signed by the objector, and must include: (1) the objector's name and address; (2) an explanation of the basis upon which the objector claims to be a Settlement Class Member; (3) a statement as to whether the objection applies only to the objector, a specific subset of the class, or the entire class; (4) all grounds for the objection, including all citations to legal authority and evidence supporting the objection; (5) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection (the "Objecting Attorneys"); and (6) a statement indicating whether the objector intends to appear at the Fairness Hearing (either personally or through counsel who files an appearance with the Court in the *Gennock* Action in accordance with the Local Rules). If a Settlement Class Member or any of the Objecting Attorneys has objected to any class action settlement where the objector or the Objecting Attorneys asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without any modification to the settlement, then the objection must include a statement identifying each such case by full case caption. Any objection not timely made in this manner shall be waived and forever barred.

7

(b)     ***Appearance at Fairness Hearing.*** Any objecting Settlement Class Member who intends to object and appear at the Fairness Hearing must file a Notice of Intention to Appear with the Court by the Opt-Out and Objection Deadline, which is seventy-five (75) days after entry of this Order. Any Settlement Class Member who does not timely deliver a written objection and notice of intention to appear by the Opt-Out and Objection Deadline, in accordance with the requirements of this Order, shall not be permitted to object or appear at the Fairness Hearing, except for good cause shown, and shall be bound by all proceedings, orders and judgments of the Court.

(c)     ***Fee Application and Service Payment Application.*** Proposed Class Counsel shall file their Fee Application and Service Payment Application, together with all supporting documentation, at least twenty-one (21) days prior to the Opt-Out and Objection Deadline, such that any Settlement Class Member will have sufficient information to decide whether to object and, if applicable, to make an informed objection.

(d)     ***Motion for Final Approval and Responses to Objections.*** Proposed Representative Plaintiffs shall file with the Court their motion for final approval of the Settlement by December 13, 2019, i.e., 5 days before the Fairness Hearing. Proposed Representative Plaintiffs shall file with the Court any responses to objections to the Agreement or the Fee Application and/or Service Payment Application, together with all supporting documentation, no later than five (5) days before the Fairness Hearing.

15.     ***Dates of Performance.*** In summary, the dates of performance are as follows:

(a)     Defendants shall send the Class Notice to potential Settlement Class Members on or before September 23, 2019, i.e., within fourteen (14) days after entry of this Order and to be substantially completed no later than thirty (30) days after entry of this Order.

8

(b)     Proposed Class Counsel's Fee Application and Service Payment Application, and all supporting materials, shall be filed no later than November 2, 2019, i.e., at least twenty-one (21) days prior to the Opt-Out and Objection Deadline;

(c)     Settlement Class Members who desire to be excluded shall mail requests for exclusion postmarked by November 23, 2019, i.e., within seventy-five (75) days after entry of this Order;

(d)     All objections to the Agreement, the Fee Application and Service Payment Application shall be mailed and postmarked by November 23, 2019, i.e., within seventy-five (75) days after entry of this Order;

(e)     Representative Plaintiffs' final approval motion shall be filed by December 13, 2019, i.e. five (5) days before the Fairness Hearing;

(f)     Responses to objections shall be filed no later than December 13, 2019, i.e. five (5) days before the Fairness Hearing;

(g)     The Fairness Hearing shall be held on December 19, 2019 at 2:00 p.m.

(h)     Settlement Class Members who desire to submit Claim Forms shall do so by November 23, 2019, i.e., seventy-five (75) days after entry of this Order.

16.     *Effect of Failure to Approve the Agreement*. In the event the Court does not finally approve the Agreement or certify the Settlement Class, or for any reason the Parties fail to obtain a Final Judgment as contemplated in the Agreement, or the Agreement is terminated pursuant to its terms for any reason, then the following shall apply:

(a)     All orders and findings entered in connection with the Agreement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

9

(b)     Findings related to the likely certification of the Settlement Class pursuant to this Order shall be vacated automatically, and the case shall return to its status as it existed before entry of this Order;

(c)     Nothing contained in this Order is, or may be construed as, any admission or concession by or against Defendants or Representative Plaintiffs on any point of fact or law, including, but not limited to, factual or legal matters relating to any effort to certify this case as a class action for purposes of considering settlement approval; and

(d)     Nothing in this Order or pertaining to the Agreement shall be used as evidence in any further proceeding in this case, including, but not limited to, motions or proceedings pertaining to treatment of this case as a class action.

17.     **Discretion of Counsel.** Counsel are hereby authorized to take all reasonable steps in connection with approval and administration of the Settlement not materially inconsistent with this Order or the Agreement, including, without further approval of the Court, making minor changes to the content of the Class Notice that they jointly deem reasonable or necessary.

18.     **Stay of Proceedings Pending Approval of the Settlement.** All proceedings before the Court are stayed pending final approval of the settlement, except as may be necessary to implement the settlement or comply with the terms of the Agreement.

19.     **Injunction Against Asserting Released Claims Pending Settlement Approval.** Pending final determination of whether the settlement should be approved, Representative Plaintiffs, all Settlement Class Members, and any person or entity allegedly acting on behalf of Settlement Class Members, either directly, representatively or in any other capacity, are preliminarily enjoined from commencing or prosecuting against the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims, provided, however, that this injunction shall not apply to individual claims of any Settlement Class Members who timely exclude themselves in a manner

that complies with this Order. This injunction is necessary to protect and effectuate the settlement, this Order, and the Court's flexibility and authority to effectuate this settlement and to enter judgment when appropriate, and is ordered in aid of the Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. § 1651(a).

20.     ***Reservation of Rights and Retention of Jurisdiction.*** The Court reserves the right to adjourn or continue the date of the Fairness Hearing without further notice to Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the settlement. The Court may approve or modify the settlement without further notice to Settlement Class Members.

**IT IS SO ORDERED.**

Mark R. Hornak
Chief United States District Judge

Dated:  September 9, 2019

11

*Presented by:*

Dated: September 5, 2019

Respectfully submitted,

*/s/ Gary F. Lynch*
Gary F. Lynch

**CARLSON LYNCH, LLP**

Gary F. Lynch
glynch@carlsonlynch.com
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15232
(412) 322-9243

**AHDOOT & WOLFSON, PC**

Robert R. Ahdoot
rahdoot@ahdootwolfson.com
Tina Wolfson
twolfson@ahdootwolfson.com
10728 Lindbrook Drive
Los Angeles, CA 90024
Tel: 310-474-9111
Fax: 310-474-8585

**FINKELSTEIN & KRINSK LLP**

Jeffrey R. Krinsk, Esq.
jrk@classactionlaw.com
Trenton R. Kashima, Esq.
trk@classactionlaw.com
550 West C Street, Suite 1760
San Diego, California 92101-3579
Tel: (619) 238-1333
Fax: (619) 238-5425

**BARBAT, MANSOUR & SUCIU PLLC**

Nick Suciu, III
nicksuciu@bmslawyers.com
1644 Bracken Rd.
Bloomfield Hills, MI 48302

Tel: 313-303-3472


**NATHAN & ASSOCIATES, APC**
Reuben Nathan
rnathan@nathanlawpractice.com
600 West Broadway, Suite 700
San Diego, California 92663
Tel: (619) 272-7014
Fax: (619) 330-1819


*Attorneys for Representative Plaintiffs and
Proposed Class Counsel*


Respectfully submitted,

*/s/ Sean M. Sullivan*
SEAN M. SULLIVAN
seansullivan@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendants
GENERAL NUTRITION CENTERS, INC.
and GNC HOLDINGS, INC.