IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIM CARTER, ASHLEY GENNOCK, KENNETH HARRISON, JENNA KASKORKIS, and DANIEL STYSLINGER, individually, and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> GENERAL NUTRITION CENTERS, INC., and GNC HOLDINGS, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) Case No. 2:16-cv-00633-MRH ) ) ) ) ) ) ) ) |

## FINAL SETTLEMENT ORDER AND FINAL JUDGMENT

THIS MATTER came before the Court on Representative Plaintiffs' motion for final approval of the proposed class settlement (the "Settlement"). The Court has considered all papers filed and proceedings in this matter and is fully informed regarding the facts surrounding the proposed Settlement. Based upon this information, the Court has determined to approve the proposed Settlement as fair, reasonable and adequate. The Court hereby enters this Settlement Order and Final Judgment, which constitutes a final adjudication on the merits of all claims of the Settlement Class with respect to matters alleged, or that could have been alleged, in this matter, as well as in *Kaskorkis v. General Nutrition Centers, Inc. and General Holdings, Inc.*, No. 3:16-cv- 00990-WQH-AGS (S.D. Cal.), and *Harrison v. General Nutrition Centers, Inc. and GNC Holdings, Inc.*, No. 3:16-cv-03086-WQH-AGS (S.D. Cal.) (collectively, the "Actions").

On September 9, 2019, this Court granted preliminary approval to the proposed class action Settlement between Representative Plaintiffs and Defendants General Nutrition Centers, Inc. and GNC Holdings, Inc. (erroneously named as General Holdings, Inc.) (collectively "GNC" or "Defendants"). The proposed Settlement resolves all of the Settlement Class's claims against GNC in exchange for

GNC's agreement to provide certain monetary and non-monetary relief, as set forth in the Agreement. On December 19, 2019, this Court held a Fairness Hearing to consider whether to grant final approval to the Settlement and to consider Class Counsel's application for an award of attorneys' fees and expenses and service payments. The Court heard argument from the parties and others who elected to appear to voice their support for, or objection to, the Settlement and/or the Fee Application and Service Payment Application.

Having read, reviewed and considered the papers filed in support of and in opposition to final approval of the Settlement, including supporting declarations; oral arguments of counsel and presentations by members of the Settlement Class who appeared at the hearing; Class Counsel's Fee Application and Service Payment Application; the Agreement; and the pleadings, it is hereby

ORDERED, ADJUDGED AND DECREED that:

1. The definitions and provisions of the Settlement Agreement and Release of Claims (the "Agreement") are incorporated in this Order as though fully set forth herein.

2. This Court has jurisdiction over the subject matter of the Agreement with respect to and over all Parties to the Agreement, including Representative Plaintiffs and all members of the Settlement Class. The Court finally approves and certifies the following settlement class: All persons and entities who, from January 1, 2012, through and including the Preliminary Approval Date purchased any product on sale or through a promotion from GNC's Website.

3. The Court approves the Settlement and finds the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class, within the authority of the Parties, and the result of extensive arm's length negotiations with the guidance of an experienced mediator.

4. This Court confirms the proposed Settlement Class satisfies the requirements of Fed. R. Civ. P. 23, as found in the Court's Order Granting Preliminary Approval of Class Action Settlement

(ECF No. 87, the "Preliminary Approval Order"). Accordingly, this Court makes final its September 9, 2019 Order conditionally certifying the Settlement Class.

5.  Certain members of the Settlement Class have timely requested to be excluded from the Settlement Class and the Settlement. Exhibit 1, attached hereto, lists the Settlement Class Members who timely requested exclusion from the Settlement Class. Accordingly, this Order shall not bind or affect Settlement Class Members listed on Exhibit 1.

6.  The Court hereby grants final approval to the Settlement and finds that it is fair, reasonable and adequate, and in the best interests of the Settlement Class as a whole. The Court has considered and hereby overrules the sole objection brought to the Court's attention, whether properly filed or not.

7.  Consistent with the stipulations contained in the Agreement of the parties, the Court confirms that neither this Settlement Order and Final Judgment nor the Agreement is an admission or concession by GNC of the validity of any claims or of any liability or wrongdoing or of any violation of law. This Settlement Order and Final Judgment and the Agreement do not constitute a concession and shall not be used as an admission or indication of any wrongdoing, fault or omission by GNC or any other person in connection with any transaction, event or occurrence, and neither this Settlement Order and Final Judgment nor the Agreement nor any related documents in this proceeding, nor any reports or accounts thereof, shall be offered or received in evidence in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to consummate or enforce this Settlement Order and Final Judgment, the Agreement, and all releases given thereunder, or to establish the affirmative defenses of *res judicata* or collateral estoppel barring the pursuit of claims released in the Agreement.

8.  Pursuant to Paragraph 76 of the Agreement, GNC shall continue to take reasonable steps to ensure its comparative discount advertising on GNC's Website complies with then existing

Federal and California law, including 16 C.F.R. §§ 233.1 and Cal. Bus. & Prof. Code § 17501 (if the advertisement will appear in California). GNC shall, no later than thirty (30) days after the Effective Date, publish on GNC's Website disclosures concerning its reference pricing or similar practices for so long as it uses such practices, subject to the limitations set forth in Paragraph 76.b of the Agreement. Any ongoing requirements of Paragraph 76 of the Agreement shall remain in effect for so long as compliance is commercially reasonable and practical, as GNC shall determine in its sole discretion, and in any event for not less than two (2) years from the date of Final Approval. GNC shall pay for any costs and expenses associated with the implementation of the provisions of Paragraph 76 of the Agreement.

9. This Court hereby dismisses with prejudice all claims of members of the Settlement Class that have been, or could have been, alleged in the Actions, which, for the avoidance of doubt includes GNC's alleged discounting of its merchandise from a regular or original price, advertising of those discounts, and GNC's sales of Merchandise on GNC's Website.

10. Representative Plaintiffs, for themselves and as the representatives of the Settlement Class, and on behalf of each Settlement Class Member who has not timely opted out and each of their respective agents, successors, heirs, assigns, and any other person who can claim by or through them in any manner, fully, finally, and forever irrevocably release, relinquish, and forever discharge with prejudice all Released Claims against the Released Parties.

11. By operation of this judgment, the Representative Plaintiffs expressly waive, and each Settlement Class Member is deemed to have waived, any and all claims, rights, or benefits they may have under California Civil Code § 1542 and any similar federal or state law, right, rule, or legal principle that may apply. California Civil Code § 1542 provides as follows:

> A general release does not extend to claims which the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that if known by him or her would have materially affected his or her settlement with the debtor or released party.

4

12. The Court finds that GNC and Angeion Group, the Settlement Administrator, completed the delivery of class notice according to the terms of the Agreement. The Notice given by the Settlement Administrator to the Settlement Class, which set forth the principal terms of the Agreement and other matters, was the best practicable notice under the circumstances. The notice program prescribed by the Agreement was reasonable and provided due and adequate notice of these proceedings and of the matters set forth therein, including the terms of the Agreement, to all parties entitled to such notice. The Notice given to members of the Settlement Class satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of Constitutional due process. The Notice was reasonably calculated under the circumstances to apprise Settlement Class Members of the pendency of this action, all material elements of the Settlement, and their opportunity to exclude themselves from, object to, or comment on the Settlement and appear at the final Fairness Hearing. The Court has afforded a full opportunity to all Settlement Class Members to be heard. Accordingly, the Court determines that all members of the Settlement Class, except those who timely excluded themselves from the Settlement Class, are bound by this Settlement Order and Final Judgment.

13. GNC, through Angeion, served a notice of the proposed settlement upon the appropriate state official of each State in which a Class member resides and upon the Attorney General of the United States. The Court finds that the notice provided by GNC satisfied the requirements of 28 U.S.C. § 1715(b) and that more than ninety (90) days have elapsed since GNC provided the required notice, as required by 28 U.S.C. § 1715(d).

14. Without affecting the finality of this judgment, the Court retains continuing jurisdiction over (a) implementation of the Agreement, distribution of the Settlement payments, Service Payments, and attorneys' fees and costs contemplated by the Agreement, and processing of the claims permitted by the Agreement, until each and every act agreed to be performed pursuant to the Agreement has been

performed, and (b) all Parties to this action and members of the Settlement Class for the purpose of enforcing and administering the Agreement.

15.     The Court hereby awards $5,000.00 to each Representative Plaintiff as Service Payments in compensation for the time, effort, and risk they undertook as representatives of the Settlement Class.

16.     The Court hereby awards attorneys' fees and expenses to compensate Class Counsel for their time incurred and expenses advanced. The Court has concluded that: (a) Class Counsel achieved a favorable result for the Settlement Class by obtaining GNC's agreement to certain non-monetary relief and by making funds available to Settlement Class Members, subject to submission of valid claims by eligible Settlement Class Members; (b) Class Counsel devoted substantial effort to pre-and post-filing investigation, legal analysis, and litigation; (c) Class Counsel prosecuted the Settlement Class's claims on a contingent fee basis, investing significant time and accumulating costs with no guarantee that they would receive compensation for their services or recover their expenses; (d) Class Counsel employed their knowledge of and experience with class action litigation in achieving a valuable settlement for the Settlement Class, in spite of GNC's possible legal defenses and its experienced and capable counsel; (e) Class Counsel have standard contingent fee agreements with Representative Plaintiffs, who have reviewed the Agreement and been informed of Class Counsel's Fee Application and have approved; and (f) the Notice informed Class Members of the amount and nature of Class Counsel's fee and expense request under the Agreement, Class Counsel filed and posted their Fee Application in time for Settlement Class Members to make a meaningful decision whether to object to the Fee Application, and no Class Member objected. For these reasons, the Court hereby approves Class Counsel's Fee Application and awards to Class Counsel fees and expenses in the total aggregate amount of $1,500,000.00 ($47,457.04 in authorized expenses, and $1,452,542.96 in attorneys fees).

All such fees and expenses are in lieu of fees and expenses that Representative Plaintiffs and/or the Settlement Class might otherwise have been entitled to recover.

17.   GNC shall pay the Fee and Expense Award to Class Counsel and Service Payments to Representative Plaintiffs, as well as amounts due to eligible Settlement Class Members who timely filed a claim under the Agreement, in accordance with and at the times prescribed by the Agreement.

**IT IS SO ORDERED.**

_____
Mark R. Hornak
Chief United States District Judge

Dated: December 19, 2019